IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS W. ALESI : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 21-1046 |
| CARE PROVIDERS INSURANCE SERVICES, : | |
| LLC, d/b/a NSM INSURANCE GROUP : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                            **SEPTEMBER 10, 2021**

In this age-based employment discrimination case, Plaintiff Thomas Alesi brings discrimination and retaliation claims against Defendant NSM Insurance Services after Defendant terminated him and assigned his job responsibilities to two individuals thirty years younger than him. Plaintiff asserts claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Pennsylvania Human Rights Act ("PHRA"), 43 Pa. Const. Stat. § 951, *et seq.* Defendant moves to dismiss both the discrimination claims and the retaliation claims, or in the alternative, to strike a paragraph in Plaintiff's Complaint. (ECF No. 5.) As set forth below, Defendant's Motions will be denied.

**I.    BACKGROUND[1]**

Plaintiff's Complaint alleges that Plaintiff was employed by Defendant in 2014, first as a Controller of one of its subsidiaries. (Compl. ¶ 18, ECF No. 1.) In September 2018, he began to handle Defendant's mergers and acquisition transactions. (*Id.* ¶ 19.) Plaintiff received praise for his work, including pay raises, bonuses, and an all-expenses paid trip to Jamaica. (*Id.* ¶ 22.) In

---

[1] When considering a motion to dismiss, the Court must accept as true all factual allegations in the plaintiffs' complaint and construe the facts alleged in the light most favorable

July 2019, Defendant hired a new CFO, Jonathan Costello, who allegedly favored younger mangers over older ones.  (*Id*. ¶¶ 23-24.)

Within just two months of taking his new post, Costello reassigned all of Plaintiff's mergers and acquisitions responsibilities to a new hire who was 30 years younger than Plaintiff. (*Id*. ¶ 25.)  Defendant provided no reason for this reassignment.  (*Id*. ¶ 26.)  In February 2020, Costello gave Plaintiff his first ever below-expectations performance review for his work in 2019.  (*Id*. ¶ 28.)  Plaintiff alleges that there was no factual basis for this review and that it instead served as "a false narrative for NSM's decision to terminate" him.  (*Id*.)  In March 2020, Plaintiff was terminated effective June 1, 2020.  (*Id*. ¶ 33.)  Less than two weeks later after he was notified of his termination, Costello hired an individual 30 years younger than Plaintiff to take over the financial responsibilities Plaintiff had been handling since the September 2019 reassignment.  (*Id*. ¶¶ 35-36.)  In April 2020, Plaintiff retained legal counsel, who sent a letter to Costello alleging that Plaintiff was the victim of age discrimination.  (*Id*. ¶ 37.)  Two days later, Plaintiff was told to stop all work for Defendant.  (*Id*. ¶¶ 39-40.)  Plaintiff was 61-years old.  (*Id*. ¶ 42.)

After exhausting administrative remedies, Plaintiff filed his Complaint in this Court asserting age discrimination and retaliation claims under the Age ADEA and the PHRA.

**II.    DISCUSSION**

Defendant moves to dismiss Plaintiffs' discrimination and retaliation claims under the ADEA and the PHRA.  In the alternative, Defendant moves to strike a paragraph from the Complaint.

---

to the plaintiffs.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

### A.     Motion to Dismiss

#### *1.     Legal Standard*

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. A motion under Rule 12(b)(6) tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler*, 578 F.3d at 211. Courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). In deciding a motion to dismiss under Rule 12(b)(6), all material allegations pleaded and all reasonable inferences that can be drawn from them must be accepted as true and construed in a light most favorable to the non-moving party. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990).

        2.       *Discrimination Claims*[2]

The ADEA prohibits employers from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Age discrimination claims in which the plaintiff relies on circumstantial evidence proceed according to the three-part burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Keller v. Orix Credit All., Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997). To establish a prima facie case of age discrimination, a plaintiff must demonstrate that (1) he is over forty, (2) is qualified for the position in question, (3) suffered an adverse employment decision, and (4) his replacement was sufficiently younger to permit a reasonable inference of age discrimination. *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir. 2004).

Defendant seeks dismissal of Plaintiff's ADEA and PHRA discrimination claims, arguing that Plaintiff fails to plead sufficient facts showing that his age was the motivating factor behind his termination. We reject Defendant's argument. The Complaint is replete with allegations supporting an inference that age was the motivating factor behind Plaintiff's termination. Plaintiff had consistently received praise for his years of work with Defendant. When a new CFO was hired who preferred younger managers, Plaintiff was suddenly stripped of his mergers and acquisitions responsibilities. Costello reassigned those responsibilities to a significantly younger and less-experienced new hire. Within months, Plaintiff was then given a negative performance evaluation and ultimately terminated. Plaintiff's remaining job responsibilities

---

[2] Courts analyze ADEA claims and PHRA claims together, using the same framework. *See Martinez v. UPMC Susquehanna*, 986 F.3d 261, 265 (3d Cir. 2021) ("Our analysis of the ADEA applies equally to the PHRA."). We will therefore analyze the ADEA and PHRA claims together.

were reassigned to another significantly younger and less experienced new hire.  Plaintiff's allegations are sufficient to show that age was a motivating factor behind his termination.

Defendant contends that Plaintiff was not directly replaced by a younger individual and therefore he has failed to allege the fourth element of the prima facie case.  In other words, because the two individuals who took over Plaintiff's responsibilities had job titles that differed slightly from Plaintiff's job title, Plaintiff has failed to establish that his replacement was significantly younger.  Defendant attempts to twist a matter of semantics in its favor.  Simply because Defendant may have changed the wording of the job title does not mean that the two significantly younger employees who took over all of Plaintiff's job responsibilities do not qualify as replacements for purposes of the claim.

Plaintiff's Complaint alleges a plausible age discrimination claim.  It states that Plaintiff is over 40, that he was qualified for the job, and that he was terminated.  It also states that his replacements were much younger and less qualified.  This is sufficient.  *See Martinez*, 986 F.3d at 267 (reversing district court's dismissal of ADEA claim where the plaintiff alleged that his replacement was "significantly younger" even though no specific age was provided).  At this stage, Plaintiff need only allege enough facts to "raise the reasonable expectation that discovery will uncover evidence of discriminatory motive."  *Id*.  He has done this.

   3.   *Retaliation Claims*

Defendant also seeks dismissal of Plaintiff's ADEA and PHRA retaliation claims.[3]

The ADEA makes it unlawful for an employer to retaliate against an employee for either "oppos[ing] any practice made unlawful" by the statute or for participating "in any manner in an

investigation, proceeding, or litigation" under the statute.  29 U.S.C. § 623(d).  In the absence of direct evidence of retaliation, the *McDonnell-Douglas* framework applies to retaliation claims under the ADEA and PHRA.  *See Fasold*, 409 F.3d at 188.  To establish a prima facie case of retaliation under the ADEA, plaintiff must show that:  (1) plaintiff engaged in an ADEA-protected activity; (2) defendant took an adverse employment action against plaintiff after plaintiff's protected activity; and (3) a causal relationship exists between plaintiff's protected activity and defendant's adverse employment action.  *Zielinski v. Whitehall Manor, Inc*., 899 F. Supp. 2d 344, 353 (E.D. Pa. 2012).

Defendant does not dispute that Plaintiff meets the first element.  Plaintiff engaged in protected activity by hiring an attorney and asserting age discrimination claims against Defendant.  Defendant takes issue with the second element, contending that Plaintiff fails to allege an adverse employment action because the complained-about conduct took place *after* Plaintiff had already been terminated.  To establish an adverse employment action, Plaintiff must show that a "reasonable employee would have found the alleged retaliatory actions 'materially adverse' in that they 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'"  *Moore v. City of Philadelphia*, 461 F.3d 331, 342 (3d Cir. 2006) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

Plaintiff's Complaint states a plausible retaliation claim under the ADEA and PHRA.  Plaintiff alleges that just two days after his counsel informed Defendant of forthcoming age-based discrimination claims, Defendant directed him to stop engaging in any work.  The plan had been that Plaintiff could continue to wrap matters up until his June termination date.  This abrupt

---

[3] Like discrimination claims, courts treat ADEA retaliation and PHRA retaliation claims the same and analyze them together.  *See Daniels v. Sch. Dist. of Philadelphia*, 776 F.3d 181,

and forced departure may dissuade a reasonable worker from making a charge of discrimination. In addition, the temporal proximity of Defendant's response is "unusually suggestive" of retaliatory motive. *See Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 503 (3d Cir. 1997); *see also Clark County School Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (noting that temporal proximity alone, when "very close," can in some instances establish a prima facie case of retaliation); *Jalil v. Avdel Corp.*, 873 F.2d 701, 708 (3d Cir. 1989) (reversing summary judgment in favor of the defendant where plaintiff had been discharged two days after his employer's receipt of his EEOC claim).

The fact that Defendant had already terminated Plaintiff prior to the adverse employment action does not preclude Plaintiff's claim at this juncture. An employer's post-termination conduct can, in some cases, constitute an adverse employment action. *See, e.g.*, *Roe v. McKee Mgmt. Assocs., Inc*, No. 16-5520, 2017 WL 690538, at *8 (E.D. Pa. Feb. 21, 2017) (finding that former employers' opposition to plaintiff's unemployment benefits, which occurred post-termination, constituted an adverse employment action for purposes of ADEA and PHRA retaliation claims).

    **B.**    **Motion to Strike**

In the alternative to dismissal, Defendant seeks to strike Paragraph 43 of Plaintiff's Complaint.

    *1.*    *Legal Standard*

Under Federal Rule of Civil procedure 12(f), a court may strike "redundant, immaterial, impertinent or scandalous" material. "While generally not favored by courts, when the allegations are so unrelated to plaintiff's claims as to be 'unworthy of any consideration' a

---

192 (3d Cir. 2015).

motion to strike pursuant to Rule 12(f) is appropriate." *Steinagel v. Valley Oral Surgery*, No. 12-05645, 2013 WL 5429269, at *11 (E.D. Pa. Sept. 30, 2013) (quoting *In re Catanella and E.F. Hutton and Co.*, 583 F. Supp. 1388, 1400 (E.D. Pa. 1984)).

    2.    *Discussion*

Paragraph 43 of the Complaint reads as follows: "In addition to Mr. Alesi, NSM has discriminated against other older workers and terminated their employment on account of their age." (Compl. ¶ 43.)[4]  Defendant contends that the allegations in Paragraph 43 are irrelevant to Plaintiff's claims and are overly prejudicial.

Alleged instances of age discrimination against others could be relevant to the employer's attitude towards older individuals and his treatment of them.  This could go to the employer's intent for termination and to the pretext analysis for analyzing the claims.  *Hurley v. Atl. City Police Dep't*, 174 F.3d 95, 111 (3d Cir. 1999); *Kanaji v. Philadelphia Child Guidance Ctr. of Children's Hosp.*, No. 00-937, 2001 WL 708898, at *5 (E.D. Pa. June 20, 2001) ("Evidence of discrimination by an employer against others in the protected class may be relevant to prove intent.").

Although there may be limitations on the type of evidence that would be admissible at trial, Plaintiff is at least entitled to engage in discovery about other instances of age-related discrimination by Defendant.  *See, e.g.*, *Cange v. Philadelphia Parking Auth.*, No. 08-3480, 2010 WL 365468, at *2 (E.D. Pa. Feb. 1, 2010) ("Evidence that the employer discriminated against other members of the protected class requires a showing that the other employees' situations

---

[4] In his response to Defendant's Motion to Dismiss, Plaintiff points out that Paragraph 43 is not new to Defendant.  When Plaintiff's case was pending before the EEOC, he identified by name four other individuals who were dismissed in 2019 and 2020 and replaced by Defendant with younger employees.

were closely related to the plaintiff's circumstances, theory of the case and were temporally proximate."). Moreover, there is nothing scandalous or impertinent about allegations that Defendant has engaged in other acts of discrimination. If discovery proves these allegations to be false, then there will be no evidence of other discriminatory acts to submit to a jury. Accordingly, Defendant's request to strike paragraph 43 is denied.

### III.     CONCLUSION

For the foregoing reasons, Defendant, Care Providers Insurance Services, LLC, d/b/a NSM Insurance Group's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f) (ECF No. 5), will be denied.

An appropriate order follows.

                                               **BY THE COURT:**

                                                */s/ R. Barclay Surrick*
                                                **R. BARCLAY SURRICK, J.**